# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# OWENSBORO DIVISION

MARK A. PRICE                                                                    PLAINTIFF

v.                                           CIVIL ACTION NO. 4:17-CV-P152-JHM

KY. DEPT. OF CORR. COMMISIONER et al.                    DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Plaintiff, Mark A. Price, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons set forth below, the action will be dismissed in part and allowed to continue in part.

## I. SUMMARY OF CLAIMS

Plaintiff, who was incarcerated at the Kentucky State Reformatory (KSR) at the pertinent time, names as Defendants the Kentucky Department of Corrections (KDOC) Commissioner; the KDOC Deputy Commissioner; KSR Warden Aaron Smith; and Michael D. Williams, John R. Grooms, and Jeremy Ball, all with KSR Internal Affairs. Plaintiff alleges that on December 7, 2016, he notified Defendants Grooms and Ball that a group of inmates had approached him with shanks to extort him and his friend. He states that Defendants Grooms and Ball walked away, with Defendant Grooms stating "'Welcome to KSR.'" He states that they ignored his request to see "Capt. Mike Williams (their boss)." Plaintiff further states that approximately ten minutes later, he was approached by the inmates with shanks who demanded that he pay them "25 [dollars] a week extortion fee." He states that when he refused, he was cut across the neck by inmate Andrews. He alleges that he "ran to medical bleeding bad in fear for my life. Medical fixed me. Staff placed me in seg." Plaintiff alleges that the KDOC Commissioner and Deputy

Commissioner are responsible for the safety and security of Kentucky prisoners, but that prisoners are not safe. He alleges that they fail to provide a secure environment and that they are well aware of the problem. He alleges that it is Warden Smith's responsibility to protect the KSR inmates, but KSR is understaffed and dangerous. He further alleges that Defendants Williams, Grooms, and Ball are internal affairs investigators, but they failed to protect him.

Plaintiff next alleges that Defendants Grooms and Ball "did the disciplinary report on inmate Andrews. In the report [Defendant] Grooms implicated Plaintiff's name multiple times. Prison staff are forbidden by due process and equal protection not to be grossly negligent in prison disciplinary reports."

The complaint refers to the Eighth and Fourteenth Amendments "and unknown state laws and guidelines that were violated."

Plaintiff attaches several documents to his complaint, including a grievance and an incident report summary about the incident on December 7, 2016. He also includes a grievance information form in which he grieves the fact that his name was included in another inmate's paperwork. That form states that Defendants Grooms and Ball work in the internal affair office under Defendant Williams. In that form, Plaintiff accuses Defendants Grooms and Ball of falsifying a report and states:

> These officers['] actions are a clear violation of Ky DOC policies & procedures and violation of other constitutional laws. Mr. Groom and Mr. Ball put my life in danger while at KSR where I was almost killed and have put my life in danger or harm while incarcerated in Ky. DOC by their actions. Copies of the report are being passed out like candy.

As relief, Plaintiff requests declarative relief and punitive and monetary damages against Defendants in their individual and official capacities.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A. *Official-capacity claims*

Title 42 of the United States Code, Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere. As such, it has two basic requirements: (1) the deprivation of federal statutory or constitutional rights by (2) a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Plaintiff's claims for damages against Defendants in their official capacities must be dismissed. "Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v.*

*Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Because Defendants are officers of the Commonwealth of Kentucky, the claims brought against them in their official capacities are deemed claims against the Commonwealth of Kentucky. *See Kentucky v. Graham*, 473 U.S. at 166. State officials sued in their official capacities for damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. at 71. Thus, because Plaintiff seeks damages from state officers in their official capacities, he fails to allege cognizable claims against them under § 1983. Additionally, the Eleventh Amendment acts as a bar to claims for damages against all Defendants in their official capacities. *Kentucky v. Graham*, 473 U.S. at 169. For these reasons, the official-capacity claims for damages against all Defendants will be dismissed.

### B. Declaratory relief

Because Plaintiff is no longer incarcerated at KSR, his request for declarative relief is moot. *See, e.g.*, *Parks v. Reans*, 510 F. App'x 414, 415 (6th Cir. 2013) ("A prisoner's request for injunctive and declaratory relief is moot upon his transfer to a different facility."); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (concluding that inmate's claims for declaratory and injunctive relief were rendered moot upon inmate's transfer from the prison about which he complained). Thus, Plaintiff's claim for declaratory relief will be dismissed as well for failure to state a claim.

### C. *Individual-capacity claims against Defendants KDOC Commissioner and Deputy Commissioner, Smith, and Williams*

The complaint describes no actions taken personally by Defendants KDOC Commissioner and Deputy Commissioner, Warden Smith, or Captain Williams. Instead, Plaintiff seeks to hold these Defendants liable based on their supervisory positions of being

4

KDOC Commissioner, Deputy Commissioner, KSR Warden, and Captain with supervisory position over Grooms and Ball, respectively. However, the doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. at 691; *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). "Likewise, simple awareness of employees' misconduct does not lead to supervisor liability." *Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir. 2003). Rather, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (stating that supervisory liability "must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act'") (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)). Plaintiff's complaint does not do so with regard to these Defendants, and Plaintiff therefore fails to state a claim against them.

### D. *Individual-capacity claims against Defendants Grooms and Ball*

#### 1. *Fourteenth Amendment*

Plaintiff alleges that Defendants Grooms and Ball "did the disciplinary report on inmate Andrews" which implicated "Plaintiff's name multiple times. Prison staff are forbidden by due process and equal protection not to be grossly negligent in prison disciplinary reports."

Allegations of gross negligence do not rise to the level of a constitutional violation. *See Lewellen v. Metro. Gov't of Nashville & Davidson Cty., Tenn.*, 34 F.3d 351 (6th Cir. 1994) ("Gross negligence is not actionable under § 1983, because it is not 'arbitrary in the constitutional sense.'") (quoting *Collins v. City of Harker Heights*, 503 U.S. 115, 129 (1992)); *see also Gazette v. City of Pontiac*, 41 F.3d 1061, 1066 (6th Cir. 1994) ("[G]ross negligence is

5

not the type of government action needed to support a Section 1983 claim"). Plaintiff "may have a state law claim for gross negligence against the[se] [D]efendants, but these facts do not give rise to a constitutional tort under Section 1983." *Gazette v. City of Pontiac*, 41 F.3d at 1065. Therefore, the Fourteenth Amendment claims against these Defendants will be dismissed.

   2. *Failure to protect*

The Court will allow the Eighth Amendment failure-to-protect claims against Defendants Grooms and Ball to go forward. The Court also will allow Plaintiff's state law claims regarding gross negligence against these Defendants to proceed.

### III. CONCLUSION AND ORDER

For the foregoing reasons,

**IT IS ORDERED** that the official-capacity claims for damages against all Defendants are **DISMISSED** for failure to state a claim and for seeking monetary damages from Defendants immune from such relief.

**IT IS FURTHER ORDERED** that the claims for declaratory relief and the individual-capacity claims against Defendants KDOC Commissioner and Deputy Commissioner, Warden Smith, and Captain Williams and the Fourteenth Amendment claims against Defendants Grooms and Ball are **DISMISSED** for failure to state a claim upon which relief may be granted.

The Clerk of Court is directed to **TERMINATE** Defendants KDOC Commissioner and Deputy Commissioner, Warden Smith, and Captain Williams as parties.

A separate Scheduling Order will be entered to govern the development of the remaining claims, *i.e.*, the individual-capacity Eighth Amendment claims for failure to protect and state law claims regarding gross negligence against Defendants Grooms and Ball.

Date: March 30, 2018

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

cc: Plaintiff, *pro se*
     Defendants
     General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4414.009